UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| ROGER D. MULLINS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 04-402-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JO ANNE BARNHART, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court for consideration of cross-motions for summary judgment filed by Plaintiff Roger Mullins ("Mullins") and Defendant Jo Anne Barnhart, Commissioner of Social Security ("Commissioner"). [Record Nos. 4, 5] Through this action, Mullins seeks to reverse the decision of an administrative law judge ("ALJ") concluding that he is not entitled to disability insurance benefits. However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed.

For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Mullins.

**I.      LEGAL STANDARD**

A claimant's Social Security disability determination is made by an ALJ in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. First, a claimant must demonstrate that he is not currently engaged in substantial gainful employment at the time of the disability

application. 20 C.F.R. § 404.1520(b). Second, a claimant must show that he suffers from a severe impairment. 20 C.F.R. § 404.1520(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 CFR § 404.1520(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity ("RFC") and relevant past work to determine if he can do past work. If he can, he is not disabled. 20 C.F.R. § 404.1520(f).[1]

Under the fifth step of this analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education and past work experience to determine if he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant

---

[1] Pursuant to 68 Fed. Reg. 51153, 51161-62, the Commissioner has changed the lettering of the relevant Code of Federal Regulations sections. What was previously 20 C.F.R. § 404.1520(e) and (f) are now 20 C.F.R. § 404.1520(f) and (g), respectively.

deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Credibility determinations are particularly within the province of the ALJ. *Gooch v. Sec'y of Health and*

*Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

## II. PROCEEDINGS BEFORE THE ALJ

On July 21, 2003, an administrative hearing was held before ALJ J. Robert Brown in Prestonsburg, Kentucky. During this hearing, the ALJ heard testimony from Mullins and Leah Salyers, a vocational expert ("VE"). Thereafter, the ALJ issued a decision denying benefits to Mullins. The ALJ concluded that Mullins retained the residual functional capacity to perform a significant range of light work. [Transcript ("Tr."), p. 26] Based on testimony from the VE, the ALJ further concluded that Mullins was capable of performing a significant number of jobs in the national economy. [Tr., p. 26]

## III. DISCUSSION

Mullins's makes a hybrid argument: the ALJ impermissibly discounted the opinion of a treating physician and thus should have re-contacted that physician in order to resolve any discrepancies in the record, relying on 20 C.F.R. § 404.1512(e).

### A. *Treating Physician*

Mullins argues that the ALJ impermissibly rejected the opinions of his treating physician, Dr. Anbu Nadar. In fact, the ALJ accepted most of Dr. Nadar's findings. [Tr., pp. 18-21, 24] It is unclear, after reading Mullins' brief, which limitation he claims the ALJ ignored. He notes that "Dr. Nadar opined that he would have difficulty with prolonged standing, walking and activities of such nature and he was unable to squat." (Pf.'s Br. at 3.) He then notes that the ALJ

asked the VE hypotheticals involving Mullins' ability to lift. [Tr., pp. 41-42] Presumably, then, he argues that the ALJ ignored Dr. Nadar's squatting limitation.

While some deference is accorded the findings of treating physicians, "[u]ltimately, of course, the determination of disability is the prerogative of the Secretary, not the treating physician." *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985); *see also* 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2) ("We use medical sources, including your treating source, to provide evidence, including opinions, on the nature and severity of your impairment(s). Although we consider opinions from medical sources on issues such as whether your impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments . . ., your residual functional capacity . . ., or the application of vocational factors, the final responsibility for deciding these issues is reserved to the Commissioner."). Further, the "opinion of a treating physician is entitled to greater weight only if it is based on objective medical findings, and is not contradicted by substantial evidence to the contrary. The Commissioner may reject the opinion of a treating physician where good reasons are found to do so in the record." *Hare v. Comm'r of Soc. Sec.*, 37 Fed. Appx. 773, 776 (6th Cir. 2002).

The Sixth Circuit recently noted that a treating physician's opinion can be discounted when: (1) it is not supported by medically acceptable clinical and laboratory diagnostic techniques, (2) it is inconsistent with substantial evidence in the record, (3) it does not identify the evidence supporting its finding, and (4) if it fares poorly when applying the factors listed in 20 C.F.R. §§ 404.1527(d)(2), 416.927(e)(2), which include, *inter alia*, the length and frequency of examinations, the amount of evidence used to support an opinion, the specialization of the

physician, and consistency with the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004).

Here, the ALJ had significant support for not following some of Dr. Nadar's more significant restrictions. As the ALJ noted:

> Dr. Nadar opined [that Mullins] would have difficulty with prolonged standing, walking and activities of such nature and he was unable to squat. EMG/NCS did show left ulnar nerve neritis and peripheral neuropathy, but no entrapment. Dr. Ahmed notes an MRI of the lumbar spine showed no significant abnormality; MRI of the lumbosacral spine showed no herniated nucleus pulposus or spinal stenosis, and mild lumbar spondylosis. Nerve conduction velocity test was performed to determine the cause of lower back pain and tingling in the right hand; result was normal.

[Tr., p. 24]

Further, the ALJ noted that state agency consultants concluded that Mullins had the capacity to perform a full range of light work. [Tr., p. 24] As the Sixth Circuit has noted, "State agency medical consultants are considered experts and their opinions may be entitled to greater weight if their opinions are supported by the evidence." *Hoskins v. Comm'r of Soc. Sec.*, 106 Fed. Appx. 412, 415 (6th Cir. 2004). Thus, because some of Dr. Nadar's findings were not supported by objective medical evidence or the opinions of other doctors and consultants, the ALJ had sufficient justification to reject those findings. Finally, it should be pointed out that Mullins' counsel did not question the VE about any additional limitations (based on Dr. Nadar's conclusions) that he wished to include in the hypothetical. [Tr., pp. 41-42]

      B.    *Recontacting Physician*

Mullins argues that the ALJ should have re-contacted Dr. Nadar for further information because he decided to reject part of Dr. Nadar's conclusions. Title 20 of the Code of Regulations, Section 404.1512(e), provides in relevant part that:

> Recontacting medical sources. When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision. To obtain the information, we will take the following actions.
>
> (1) We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques. We may do this by requesting copies of your medical source's records, a new report, or a more detailed report from your medical source, including your treating source, or by telephoning your medical source. In every instance where medical evidence is obtained over the telephone, the telephone report will be sent to the source for review, signature and return.

As noted by Mullins, the ALJ carefully reviewed the treatment notes provided by Dr. Nadar. (Pf.'s Br. at 4.) The claimant has the burden of proving that he has a severe impairment. *Howard*, 276 F.3d at 238. He has not identified what information the ALJ should have requested from Dr. Nadar.

In summary, this Court concludes that the ALJ properly considered the medical records provided by Dr. Nadar, as well as his conclusions. As discussed *supra*, significant evidence existed in the record to discount part of Dr. Nadar's conclusions. Thus, 20 C.F.R. § 404.1512(e) did not apply because there *was* sufficient evidence in the record for the Commissioner to

determine whether Mullins was disabled. An ALJ is not required to re-contact a medical source simply because he does not adopt all of the source's findings.

### IV. CONCLUSION

After reviewing the briefs submitted by the parties and the record before the ALJ, it is clear that the ALJ's opinion was supported by substantial evidence. Accordingly, it is hereby

**ORDERED** as follows:

(1) Claimant's Motion for Summary Judgment [Record No. 4] is **DENIED**;

(2) The Commissioner's Motion for Summary Judgment [Record No. 5] is **GRANTED**; and

(3) The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 30th day of June, 2005.

Signed By:
*Danny C. Reeves* DCR
United States District Judge